UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GUY BLAISE,

                      Plaintiff,

                                                                           **MEMORANDUM & ORDER**

      -against-                                                              17-CV-0125 (GRB)

VERIZON NEW YORK, INC.,

                      Defendant.
------------------------------------------------------------X
**GARY R. BROWN, United States Magistrate Judge:**

Pending before the Court in this matter, which, upon consent of the parties is before the undersigned for all purposes, is a summary judgment motion filed by defendant. See Docket Entry No. ("DE") 19; DE 23.

## UNDISPUTED FACTS

In their Rule 56.1 statements, which contain more than 100 paragraphs, the parties set forth—and disagree over—many purported "material" facts. Plaintiff admits or ineffectively disputes[1] most of the facts. *See* DE 23-2; DE 23-19 (together the "56.1 Statements"). A summary

---

[1] As the undersigned has previously observed, "[u]pon the failure to properly controvert a movant's statement of material fact, such statement 'will be deemed admitted for the purposes of the motion.'" *Gervis v. Target Corp.*, No. CV 16-380 (GRB), 2017 WL 3669009, at *2 (E.D.N.Y. July 20, 2017) (citing L. Civ. R. 56.1(c) and collecting cases). In many instances, plaintiff has either declared matters irrelevant, indicated there were no material facts to dispute, or stated that matters were disputed without citing or providing supporting evidence. The Court has, in reviewing this matter, conducted an independent search of the record—which is substantial—before determining that given facts were not in dispute. *Compare Giannullo v. City of N.Y.*, 322 F.3d 139, 140 (2d Cir. 2003) ("[E]ven though plaintiff's Rule 56.1 counter-statement failed to specifically controvert these assertions, the unsupported assertions must nonetheless be disregarded and the record independently reviewed."), *with Jackson v. Fed. Express*, 766 F.3d 189, 196 (2d Cir. 2014) (distinguishing *Giannullo* and upholding default where "each statement of proposed undisputed facts was supported by a citation to the record sufficient to prove each such fact").

1

of the material undisputed facts follows.

Plaintiff, who is African-American, began working for Verizon in 1992 as a Field Technician, later being promoted to Team Leader and then Local Manager. 56.1 Statements at ¶¶ 4–7. In that position, he supervised Field Technicians and, importantly approved their timesheets to ensure they were properly paid for time worked. *Id.* at ¶ 8. Unsurprisingly the defendant's policies prohibit falsification of timesheets. *Id.* at ¶ 9. Similarly, defendant's policies prohibit falsification of business records and makes express that which should be clear: falsification of any business records, including timesheets, may result in termination. *Id.* at ¶ 20.

In August 2014, Verizon's security department received an anonymous email which stated that plaintiff, along with another manager, had been "manipulating timesheets in an effort to improve their productivity number." *Id.* at ¶ 44. That letter was followed up by an "anonymous hotline" call providing additional detail regarding plaintiff's alleged misconduct. *Id.* at ¶ 45. An internal investigation followed, which concluded, among other things, that plaintiff had altered the timesheets of his supervisees on a number of occasions, resulting in, *inter alia*, improper payment of overtime to these employees. *Id.* at ¶¶ 48–53. That investigation included multiple interviews and review of documents. *Id.* at ¶¶ 53–58. Though defendant claims that plaintiff admitted to improper practices, at a deposition, plaintiff denies that he made such admission or engaged in such activities, leading to one of the few factual disputes in this matter. *Id.* at ¶ 60.

In any event, Verizon's Security personnel issued an Investigative Report stating that plaintiff had altered timesheets, "moved time" between types of jobs and improperly approved timesheets. *Id.* at ¶ 65. The report further concluded that these improper reports could have increased plaintiff's productivity results and unfairly affected the overtime paid to his supervisees. *Id.* Based on these conclusions, recommendations were made by several Verizon employees to terminate plaintiff for falsification of company records, ultimately resulting in plaintiff's

termination on February 10, 2015.  *Id.* at ¶¶ 66–70.

Several months before the investigation into plaintiff's purported conduct, Verizon had investigated allegations regarding another Local Manager, Archie Sarris, who is Caucasian, for similar time sheet issues.  *Id.* at ¶ 34.  In sum and substance, by September 2014 Verizon Security had verified conduct by Sarris based upon, *inter alia*, Sarris's own admissions.  *Id.* at ¶¶ 34–40.  Before the Company took action, Sarris took some type of medical leave through December 2015.  *Id.* at ¶¶ 41–42.  It is essentially undisputed that the Company forestalled taking disciplinary action against Sarris during his medical leave and, additionally, because of a desire to interview Sarris about a second set of allegations that arose.[2]  *Id.* at ¶ 43.  That interview took place in March 2015 and, shortly thereafter, Sarris was similarly terminated.  *Id.* at ¶¶ 81, 87.  Verizon has also proffered evidence concerning the termination of nine other Local Managers and Area Managers whom, it was believed, engaged in timesheet fraud.  *Id.* at ¶ 89.

## LEGAL STANDARD

As the Court has previously observed, an employment discrimination claim is governed by the following analytical framework:

> As an initial matter, a plaintiff bears the burden of establishing a *prima facie* case. *Ruiz v. Rockland*, 609 F.3d 486, 491 (2d Cir. 2010) (citing *Holcomb v. Iona Coll.,* 521 F.3d 130, 138 (2d Cir. 2008)); *Pathania v. Metro. Museum of Art*, No. CV-11-2119 (JMA), 2013 WL 1182076, at *11 (E.D.N.Y. Mar. 21, 2013); *see Whethers,* 956 F. Supp. 2d at 374-75; *Moultrie v. VIP Health Care Servs.*, No. 08-CV-0457 (DLI)(RML), 2009 WL 750219, at *4 (E.D.N.Y. Mar. 19, 2009).  To this end, a plaintiff must prove: (1) he was a member of a protected class; (2) he was qualified for his position; (3) he suffered an adverse employment action; and (4) the adverse employment action took place under circumstances which give rise to an inference of discrimination.  *Broich v. Inc. Vill. of Southampton*, 462 Fed. Appx. 39, 42 (2d Cir. 2012) (quoting *Sassaman v. Gamache*, 566 F.3d 307, 312 (2d Cir. 2009)); *Pathania*, 2013 WL 1182076, at *12.  The required proof at

---

[2] While defendant nominally disputes the assertions in this sentence, no evidence of record suggests that there is a material dispute as to these facts.

3

this stage is low and plaintiff will succeed with a *de minimis* showing. *Abdu-Brisson v. Delta Air Lines, Inc.,* 239 F.3d 456, 467 (2d Cir. 2001); *see, e.g., Panjwani v. Jet Way Security & Investigations, LLC,* No. 13 Civ. 7186 (SLT) (VMS), 2016 WL 3675331, at *9 (E.D.N.Y. Feb. 26, 2016) (concluding plaintiff failed to establish prima facie case of discrimination despite his "*de minimis* burden"). The burden then shifts to the defendant to produce a legitimate, non-discriminatory justification for its action. *Ruiz,* 609 F.3d at 492; *Sethi v. Narod*, 12 F. Supp. 3d 505, 522 (E.D.N.Y. 2014) (citing *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 506-07 (1993)); *see Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142–43 (2000) (describing defendant's burden as "one of production, not persuasion; it 'can involve no credibility assessment'" (quoting *St Mary's Honor Ctr.*, 509 U.S. at 509)). "[A]n 'employer's explanation of its reasons must be clear and specific' in order to 'afford the employee a full and fair opportunity to demonstrate pretext.'" *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 105 (2d Cir. 2001) (quoting *Meiri v. Dacon,* 759 F.2d 989, 996-97 (2d Cir. 1985)), *superseded on other grounds by rule*, Fed. R. Civ. P. 37(e); *see, e.g., McDonnell v. Schindler Elevator Corp.*, No. 12-CV-4614 (VEC), 2014 WL 3512772, at *9 (S.D.N.Y. July 16, 2014) ("[Defendant's] evidence establishes clear and specific reasons for Plaintiff's termination...."); *Graham v. City of N.Y.*, No. 05-CV-5428 (CBA)(JMA), 2009 WL 909620, at *9-10 (E.D.N.Y. Mar. 10, 2009), *adopted as modified by*, 2009 WL 909620 (E.D.N.Y. Mar. 31, 2009). Like plaintiff's burden at the prima facie stage, defendant's burden here is not especially high. *Sethi,* 12 F. Supp. 3d at 522 (quoting *Hyek v. Field Support Servs.,* 702 F. Supp. 2d 84, 93 (E.D.N.Y. 2010)); *Whyte,* 969 F. Supp. 2d at 254.

Upon defendant's articulation of a legitimate, neutral reason for plaintiff's termination, the burden-shifting framework dissipates and the onus is on plaintiff to prove defendant's actions were motivated, at least in part, by discrimination*. See Hongyan Lu v. Chase Inv. Servs. Corp.*, 412 Fed. Appx. 413, 415-16 (2d Cir. 2011); *Joseph v. Owens & Minor Distribution, Inc.,* 5 F. Supp. 3d 295, 308 (E.D.N.Y. 2014) (citing *Henry v. Wyeth Pharm., Inc.,* 616 F.3d 134, 156 (2d Cir. 2010)); *Zhengfang Liang v. Café Spice SB, Inc.*, 911 F. Supp. 2d 184, 205-06 (E.D.N.Y. 2012). To defeat summary judgment, plaintiff "must show circumstances to permit a rational finder of fact to infer that the defendant's employment decision was more likely than not based in whole or in part on discrimination." *Stern v. Trs. of Columbia Univ.,*131 F.3d 305, 312 (2d Cir. 1997); *see Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2010); *Pathania,* 2013 WL 1182076, at *12 ("If the employer carries this burden, the burden shifts back to the plaintiff to demonstrate, by a preponderance of the evidence, that 'the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.'" (quoting *Texas Dep't of Cmty.*

4

> *Affairs v. Burdine,* 450 U.S. 248, 253 (1981))). Plaintiff's offered evidence must be viewed collectively to determine whether there is an issue of fact as to defendant's true motivation. *See Walsh*, 828 F.3d at 76.

*Baby v. Nassau Healthcare Corp.,* No. CV 14-3297 (JMA) (GRB), 2017 WL 3279091, at *9–10 (E.D.N.Y. Feb. 6, 2017), *in relevant part by*, No. 14-CV-3297 (JMA) (GRB), 2017 WL 3278901 (E.D.N.Y. Aug. 1, 2017). In all other respects, this motion for summary judgment is decided under the oft-repeated and well understood standard for review of such matters, as discussed in *Bartels v. Inc. Vill. of Lloyd Harbor,* 97 F. Supp. 3d 198, 211 (E.D.N.Y. 2015), *aff'd sub nom. Bartels v. Schwarz*, 643 F. App'x 54 (2d Cir. 2016), which discussion is incorporated by reference herein.

## DISCUSSION

In reviewing a motion for summary judgment, courts and litigants are provided with mechanisms—such as the *McDonald Douglas* burden-shifting framework and the procedures embodied in Rule 56.1—which are intended to clarify and simplify the resolution of such matters. These are powerful tools. Unfortunately, however, there are instances in which litigants employ these tools to carve an elaborate frieze. Such efforts have the paradoxical effect of complicating an otherwise simple matter. This is such a case.

In short, defendant concedes, as it must, that the plaintiff satisfies the first three elements of the *McDonald Douglas* framework. The principal question for the Court, then, is whether, on the undisputed facts of this case, there is evidence that the employment decisions were made under circumstances giving rise to an inference of discrimination. Assuming such evidence exists, the Court must then examine whether defendant has produced a legitimate, non-discriminatory justification for its action and whether plaintiff can overcome this showing with evidence demonstrating that the defendant's employment decision was more likely than not based in whole or in part on discrimination. These questions are readily dispatched.

It is undeniable that Verizon terminated plaintiff following allegations, and an investigation of those allegations, that he had engaged in improper timesheet practices, a serious matter that has significant implications for an employer. *See* DE 18-1 at 12. Whether viewed as defeating plaintiff's effort to meet the fourth prong of the *McDonald Douglas prima facia* case, or as an unrebutted legitimate reason for his termination, this proof carries the day. Such improper conduct has been found to be a legitimate, non-discriminatory basis for termination in several reported decisions cited by *plaintiff*. *See* DE 23-18 at 13 (citing *Campbell v. Nat'l Fuel Gas Distrib. Corp.*, 252 F. Supp. 3d 205, 212 (W.D.N.Y. 2017) (falsifying timesheets was a legitimate non-discriminatory reason to terminate.); *Rodriguez v. Long Island Am. Water, Inc.*, No. 12-cv-2970, 2014 WL 4805021, at *5 (E.D.N.Y. Sept. 26, 2014) ("[T]here is no rational basis for a jury to conclude that his termination was based upon his race, rather than his undisputed falsification of a timesheet and repeated lies when questioned."); *Nevins v. Blockbuster Entm't Grp.*, 950 F. Supp. 60, 66 (E.D.N.Y. 1996) (stating that permitting a non-employee to work in the store and altering a second employee's time card to account for that time are events that constitute a legitimate nondiscriminatory reason for termination.); *Tootill v. Securitas Sec. Services USA Inc.*, No. 3:08-cv-l096 (CFD), 2010 WL 3257633, at* 5 (D. Conn. Aug. 16, 2010) (falsifying timesheets constitutes a legitimate nondiscriminatory reason for firing an employee)). Plaintiff's effort to distinguish these cases by suggesting that the plaintiffs in those matters indisputably admitted to the misconduct proves unavailing, as such admission only constitutes one source of evidence to support a reasoned conclusion by an employer. Finally, to the extent that plaintiff complains about the quality of the investigation conducted, such arguments are, on this record,[3] unavailing to establish pretext, as plaintiff acknowledges in his papers. DE 23-18 at 15 *(citing Weisbecker v.*

---

[3] Indeed, based on the materials presented, Verizon's investigation appears to have been thorough and professional.

*Sayville Union Free School Dist.*, 890 F. Supp. 2d 215 (E.D.N.Y. 2012) ("To the extent plaintiff alleges that … investigation was flawed, a faulty investigation is not in and of itself evidence of pretext.")).

The only rebuttal evidence offered by plaintiff[4] is the notion that it took longer for Verizon to terminate Sarris, who was not in the same protected class, for essentially the same conduct. This argument ignores the extensive record evidence documenting sound bases for the delay in terminating Sarris, which included his medical leave and complications from a second investigation. 56.1 Statements at ¶¶ 41–43. And, ultimately, the company did terminate Sarris (along with nine other non-minority managers) for time sheet fraud, demonstrating that its decisions were made without the taint of discrimination. *Id.* at ¶¶ 87, 89.

In making this determination, the undersigned is mindful that "courts considering motions for summary judgment in discrimination cases are obliged to exercise particular caution . . . because direct evidence of an employer's discriminatory intent is rare and must often be inferred from circumstantial evidence." *Humphreys v. Cablevision Sys. Corp.*, No. CV 10-4737 (SJF) (GRB), 2012 WL 2317337, at *4 (E.D.N.Y. June 14, 2012), *adopted by*, No. 10-CV-4737, 2012 WL 5289566 (E.D.N.Y. Oct. 23, 2012), *aff'd* 553 F. App'x 13 (2d Cir. 2014) (alterations omitted). But sometimes, "even in the fact-intensive context of discrimination cases," summary judgment is appropriate. *Id.* (quoting *Abdu–Brisson v. Delta Air Lines, Inc.,* 239 F.3d 456, 466 (2d Cir.2001)).

---

[4] The Court has considered and rejected evidence proffered by plaintiff of stray slurs made by coworkers which, either due to their age of the comment, the position of the purported speaker, or both, prove entirely unavailing.

## **CONCLUSION**

Based on the foregoing, defendant's motion for summary judgment is GRANTED in all respects and the matter is dismissed.


SO ORDERED.

Dated: Central Islip, New York
      March 19, 2019

                                            /s/ Gary R. Brown
                                            GARY R. BROWN
                                            United States Magistrate Judge